FARNAES & LUCIO, APC
Malte L.L. Farnaes, Esq. (SBN 222608)
malte@farnaeslaw.com
Christina M. Lucio, Esq. (SBN 253677)
clucio@farnaeslaw.com
135 Liverpool Drive, Suite C
Cardiff-by-the-Sea, California 92007
Telephone: (760) 942-9431

Attorneys for Plaintiff
Cardiff Chamber of Commerce , Inc.
a/k/a Cardiff 101 Main Street Assoc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARDIFF CHAMBER OF COMMERCE, INC., also known as CARDIFF 101 MAIN STREET ASSOCIATION, a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>STEVE LEBHERZ, an individual; THE CARDIFF KOOK RUN, an entity of unknown type; DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. '16CV0180 H    BLM<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. §501)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cardiff Chamber of Commerce, Inc., also known as Cardiff 101 Main Street Association ("Plaintiff" or "Cardiff 101'), by its attorneys, sues Defendants Steve Lebherz and the Cardiff Kook Run, and Does 1-25, and alleges as follows:

## JURISDICTION AND VENUE

1. This matter arises under the United States Copyright Act of 1976, as

amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. §1338 (patents, copyrights, trademarks and unfair competition.)

3. This Court has personal jurisdiction over each Defendant pursuant to Cal. Civ. Proc. Code §410.10 because each Defendant committed the tortious conduct alleged in this Complaint in the State of California, and each Defendant resides in the State of California, and/or (b) each Defendant has engaged in continuous and systematic business activity in the State of California.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) a Defendant resides (and therefore can be found) in this District and all of the Defendants reside in this State; additionally, venue is proper in this District pursuant 28 U.S.C. § 1400(a) (venue for copyright cases) because each Defendant or each Defendant's agent resides or may be found in this District.

## THE PARTIES

5. Plaintiff is a California corporation organized and existing under the laws of the State of California and has its principal place of business located at 2139B Newcastle Avenue, Cardiff, California 92007

6. Plaintiff is the registered copyright owner for the sculptural work in question.

7. Defendant Steve Lebherz ("Lebherz") is an individual residing in the County of San Diego, State of California. Lebherz is the founder of the Cardiff Kook Run contest.

8. Plaintiff is informed and believes and thereon alleges that Defendant The Cardiff Kook Run is an entity of unknown type with its principal place of business in San Diego County, State of California.

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

9. The names of or capacities of defendants DOES 1 - 50, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and legally and proximately caused injury and damages thereby to Plaintiff.

10. At all relevant times, defendants, and each of them, were the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.

## FACTUAL BACKGROUND

11. Plaintiff is a non-profit corporation located in Cardiff-by-the Sea, California that works with residents, property owners, business owners, and governmental agencies to preserve and revitalize Cardiff-by-the Sea.

12. Plaintiff is the registered copyright owner of the sculptural work of art titled "Magic Carpet Ride", which is a statue of a surfer located at the intersection of Highway 101 and Chesterfield Drive in Cardiff, California (the "Infringed Work"). A true and correct copy of Plaintiff' certificate of copyright registration is attached hereto as **Exhibit A**.

13. Attached hereto as **Exhibit B** is a photograph of the Infringed Work.

14. In or around December 2015 it came to Plaintiff's attention that Defendants, and/or their agents reproduced, distributed, and publicly displayed (and/or caused to be reproduced, distributed, and/or publicly displayed) a substantial portion of the Infringed Work without Plaintiff's authorization in commercial promotions of a foot race contest called the 2016 Cardiff Kook Run, to be held on February 7, 2016.

15. Upon information and belief, Defendants operate the Cardiff Kook

- 3 -  COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Race for profit and charge race participants and entry fee of between $44 and $54 each.

16. Upon information and belief Defendants have unlawfully and without authority used the Infringed Work on no less than 25 signs, a billboard, medals, t-shirts, websites, racing bibs, entry processing forms, and other promotional materials and products for sale. Attached hereto as **Exhibit C** is a compendium of true and correct photographs of some of Defendants' signs incorporating the Infringed Work. Attached hereto as **Exhibit D** is a compendium of true and correct screen shots of Defendants' website and Facebook page promoting the Cardiff Kook Run and using the Infringed Work.

17. Defendants' use of a substantial portion of the Infringed Work infringed Plaintiff's copyright. Defendants do not have any license, authorization, permission or consent to used the Infringed Work.

18. In fact, On December 15, 2015 Plaintiff notified Defendant Lebherz that he needed to enter a license agreement to use the Infringed Work. Defendant Lebherz refused. Attached hereto as **Exhibit E** is a true and correct copy of Plaintiff correspondence to Lebherz together with his response.

19. On January 12, 2016, Plaintiff again provided written notice to Defendant Lebherz that Defendants' use of the Infringed Work constitutes infringement of Plaintiff's rights and demanded payment from Defendants for Defendants' unauthorized use of the Infringed Work. Plaintiff further demanded that Defendants immediately cease and desist from further use of the Infringed Work. Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff's written notice to Defendant Lebherz.

20. Although duly demanded, On January 20, 2016 Defendant Lebherz, through his attorney, refused to pay for Defendants' use of the Infringed Work. Defendant Lebherz also refused to discontinue his use of the Infringed Work, writing instead that "[i]f it is any consolation, Steve will no longer use the image of

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

the Cardiff Kook statue after February 7, 2016." Accordingly, Lebherz's use of the Infringed Work is knowing and willful. Attached hereto as **Exhibit G** is a true and correct copy of Lebherz's letter dated January 20, 2016.

21. Plaintiff is entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of the Infringed Work for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff's rights.

# **FIRST CAUSE OF ACTION**
# **COPYRIGHT INFRINGEMENT**
(Against All Defendants)

22. Plaintiff repleads and realleges each and every allegation of paragraphs 1 through 20 inclusive, as if specifically pleaded herein.

23. Through their conduct as alleged herein, Defendants have infringed Plaintiff's copyright in the Infringed Work in violation of Section 106 and 501 of the Copyright Act, 17 U.S.C. §§106 and 501.

24. Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights within the meaning of 17 U.S.C. §504(c)(2). (See, **Exhibits E and G**)

25. As a direct and proximate result of said infringement by Defendants, Plaintiff is entitled to damages in an amount to be proven at trial.

26. Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504 (b), including an accounting of and a constructive trust with respect to such profits.

27. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

28. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and

irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis alleges that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's right in the infringed Work. Plaintiff is entitled to injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

29. Finally, Plaintiff is entitled to an order for impounding of all materials used in violation of the Plaintiff's exclusive copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin each Defendant and all other persons who are in active concert or participation with each Defendant from continuing to infringe Plaintiff's copyrighted work;

(B) That an order be entered compelling Defendants to account for all gains, profits and advantages derived by each Defendant by the infringement of Plaintiff's copyright or such damages as to the Court shall appear proper within the provisions of the copyright statutes;

(C) That an order be entered establishing a constructive trust on Defendants profits derived from infringement of Plaintiff's copyrighted work;

(D) Award Plaintiff statutory damages in the amount of $150,000 per Defendant, per registered work infringed, pursuant to 17 U.S.C. § 504-(a) and (c), whichever is greater;

(E) Award Plaintiff its actual damages and any additional profits of the Defendant pursuant to 17 U.S.C. § 504-(a)-(b);

(F) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

///
///
///

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

(G) Grant Plaintiff any other and further relief this Court deems just and proper.

Dated: January 21, 2016    Farnaes & Lucio, APC
_____

By: /Malte Farnaes/
Malte L.L. Farnaes
Attorney for Plaintiff
Cardiff Chamber of Commerce, Inc., a/k/a Cardiff 101 Main Street Association

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff in this action, without waiving its objections to subject matter jurisdiction in this action, hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 81(c).

Dated: January 21, 2016    Farnaes & Lucio, APC
_____

By: /Malte Farnaes/
Malte L.L. Farnaes
Attorney for Plaintiff
Cardiff Chamber of Commerce, Inc., a/k/a Cardiff 101 Main Street Association