

FILED

JUN 0 6 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

The Honorable Marilyn L. Huff and
The Honorable Barbara Lynn Major

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CARDIFF CHAMBER OF
COMMERCE INC. a/k/a CARDIFF
101 MAIN STREET ASSOCIATION,

                          Plaintiff,

v.

STEVE LEBHERZ, an individual;
THE CARDIFF KOOK RUN LLC, a
business entity; DOES 1 through 50,
inclusive

                          Defendant.

Case No. 3:16-cv-00180-H-BLM

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S
COMPLAINT AND
MEMORANDUM OF
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
July, 11, 2016

## I.    INTRODUCTION

This lawsuit is simply a frivolous attack meant to embarrass Mr. Lebherz, managing

partner of Cardiff Kook Run LLC (CKR), in retaliation for the entity's decision to no longer

financially partner with Cardiff 101 Main Street Association (Cardiff 101) the Plaintiff.

Although Plaintiff is unhappy with the City's recent unanimous approval of a permit for the 2017



JUN 0 6 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

Cardiff Kook Run, Plaintiff's Complaint falls short and must be dismissed for several reasons.

**First**, all claims against Steve Lebherz in his individual capacity must be dismissed because the Complaint does not allege any conduct committed by Lebherz individually, let alone conduct that could render him liable to the Plaintiff for claims of copyright infringement since CKR is a California Limited Liability Company. **Second**, Plaintiff's Copyright Act claim is substantively deficient as CKR timely complied with its Cease and Desist Letter of January 20, 2016. **Third**, Plaintiff did not serve CKR with summons and complaint until May 18, 2016, more than 90 days from filing on January 25, 2016. This constitutes untimely service under FRCP 4(m) and so this complaint should be dismissed.

## II.     STATEMENT OF FACTS

### A. Parties and Overview of the Relationship to Date

In 2012, CKR was formed to initiate a community road race event to raise money for the improvements of the statue "Magic Carpet Ride" aka "The Kook," which had fallen into disrepair in the community of Cardiff-by-the-Sea. CKR partnered with a local non-profit, Cardiff 101, to use a portion of funds raised from the event for improvement of the area surrounding the Kook. Over the years, the event repaired infrastructure to the base of the statue, banisters, and added and has maintained the landscaping. Neither the City of Encinitas nor Cardiff 101 financially assisted this effort. To the contrary, they have been relieved of costs and Cardiff 101 has also historically been paid administrative fees by CKR. To date, the event operated by CKR has paid over $10,000 in direct funds toward this area, in addition to donations given back to Cardiff Schools, local Boy Scouts, and the Epilepsy Foundation.

The relationship between Cardiff 101 and CKR began to sour in 2014 when Cardiff 101 asked for $500 of CKR's small proceeds to be used for administration at Cardiff 101. CKR paid it, reluctantly. In 2015, Cardiff 101 again requested an administrative fee, doubled to $1000 of

the proceeds. CKR paid the $1000 and agreed to a $4/runner donation to Cardiff 101 "less unforeseen circumstances." [Exhibit A]. For 2016, CKR decided it no longer required the administrative services of Cardiff 101, the fee for which would have comprised 20% of the run proceeds. Instead CKR paid the vendors directly and copied Cardiff 101 on all receipts and in-kind donations.

CKR informed Cardiff 101 they would be using a new non-profit partner. As the 2016 race neared during the holidays, Cardiff 101 emailed CKR on December 15, 2015, to clarify that the CKR website still contained a partnership line with Cardiff 101. [Exhibit B]. Within an hour or so, Mr. Lebherz responded, "I did not notice your name on the web site. We will take it down." and removed Cardiff 101's name from the website. Id. At that time, KCR was not aware that Cardiff 101 had an issue with CKR's use of the Kook image in their logo.

Per the same email, in lieu of its "administrative fee" from previous years, Cardiff 101 proposed a "licensing fee comprised of $1000 base fee, plus $4 per entrant." Less than three weeks before the scheduled event of over 2,500 community members, Cardiff 101 insisted CKR enter into the licensing agreement for use of the Kook image or risk a cease and desist letter. It was surprising to CKR to learn that Cardiff 101 held the copyright to the Kook's logo, particularly since CKR had used the image in their logo the previous four years without any licensing agreement.

**B. CKR's Timely Compliance with Cease and Desist Letter**

The February 7, 2016, event took about a year to plan and execute. But just a few weeks before the event day, on January 12, 2016, CKR received a letter from Cardiff 101 threatening that in lieu of its prior arrangement, if CKR did not enter "into a mutually agreeable license agreement for the Copyrighted Work" by January 15, 2016, Cardiff 101 would "take all necessary action to protect our copyrights." [Exhibit C]. Following the holiday weekend, on January 19, 2016, CKR received an email from Cardiff 101 stating that if CKR was "not willing

to sign the attached agreement by tomorrow January 20th, then we will have to ask you to immediately cease and desist from all further use of the Copyrighted Work." [Exhibit D]. The agreement included a $10,000 licensing fee. [Exhibit E]. An attorney for CKR responded January 20, 2016, that complying with the demands would not be feasible in such a short amount of time and that CKR would no longer use the image of the Kook statue after February 7. [Exhibit F]. Nevertheless, Cardiff 101 filed suit against CKR on January 25, 2016, claiming copyright infringement. Within 30 days of the January 12th letter, all materials reflecting the image of the Kook including banners, billboards, websites and online images were rtaken down.

### C.   **Plaintiff's Untimely and Malicious Service**

Even though Cardiff 101 knows the Kook race is owned and operated by CKR, the Plaintiff added Steve Lebherz, individually, to this lawsuit. Mr. Lebherz is the managing partner of a CKR, which is a California Limited Liability Company. The permit at the city, which can be viewed by anyone, clearly shows the owner of the event is CKR, an LLC. [Exhibit G]. This lawsuit was meant was to embarrass and intimidate Mr. Lebherz, a forty-year upstanding community member and donor.

The complaint was filed January 25, 2016. Steve Lebherz was, formally and without good faith, served on May 18, 2016, in front of the City of Encinitas offices and a small crowd the evening of the permit for next year's race being unanimously approved. CKR moves to dismiss this complaint under FRCP 12(b)(6) and 12(b)(5) for insufficient service of process and failure to state a claim upon which relief can be granted

### III.   **Argument**

### A. **Governing Standards under FRCP 12(b)(6) and 12(b)(5)**

Under Rule 12(b)(6), a complaint must be dismissed when it does not plead sufficient facts to state a claim for relief that is "plausible on its face." See *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570 (2007). In ruling on a 12(b)(6) motion, the Court may consider the facts alleged in the complaint, documents attached to or specifically referenced within the complaint, and matters of which the Court may take judicial notice. See *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, a court is not required to accept facts alleged in the complaint that contradict facts in documents referenced in the complaint. *Steckman v. Har Brewing Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).

Further, FRCP 12(b)(5) allows a defendant to move to dismiss the action where the service of process of a summons and complaint is insufficient. *See* Fed.R.Civ.P. 12(b)(5). This is because a federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4. *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Proper service did not occur in this matter as set forth in more detail below.

**B.  The Complaint Alleges No Conduct by Steve Lebherz Individually**

The Complaint alleges no individual conduct by Mr. Lebherz and only includes him as the founder of CKR LLC. However, barring invocation of the alter ego doctrine or some other reason to pierce the corporate veil, "a corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Superior Court*, 83 Cal.App.4th 523, 538, 99 Cal.Rptr.2d 824 (2000). Here, since the alleged acts relate only to KCR LLC, Steve Lebherz cannot be held individually liable and should be released in his individual capacity from this lawsuit.

**C. The Copyright Act Claim is Substantively Deficient Since CKR had Historically Used the Kook Image without a Licensing Agreement and Timely Complied with the Cease and Desist Letter**

In its complaint, Plaintiff alleges it "has sustained and will continue to sustain substantial, immediate, and irreparable injury" due to CKR's use of the Kook image for the 2016 race. This is simply not true. CKR used the Kook image for the 2014 and 2015 runs with the full knowledge of Cardiff 101 and without licensing agreements. Cardiff 101 never alleged any injury. It was only when CKR no longer sought Cardiff 101's administrative services that Cardiff 101 attempted to extort thousands of dollars for a licensing agreement just weeks before the 2016 event. CKR was unable to comply with Cardiff 101's demands on such short notice but agreed to cease and desist from all use of the Kook image as soon as was practicable and has since that time refrained from any unauthorized use of the image. Cardiff 101 has not suffered any harm for breach of copyright and faces no threat of future harm so an injunction is totally unnecessary. As such, Defendant respectfully asks that Plaintiff's claim be dismissed by the court.

**D. The Plaintiff Failed to Timely Serve the Summons & Complaint**

To determine whether service of process is proper, the court looks to the requirements of the civil rules. Pursuant to Fed.R.Civ.P. 4(m), if proper service is not affected within 90 days of filing and the party on whose behalf service was required cannot show good cause why such service was not made, the action must be dismissed. The burden is on the plaintiff to establish the validity of service or create an issue of fact requiring an evidentiary hearing. *See Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir. 1981). The Plaintiff here cannot meet that burden and so its claim should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants Cardiff Kook Run LLC and Steve Lebherz, respectfully request that this Court dismiss Plaintiff's Complaint.

RESPECTFULLY SUBMITTED this 5th day of June, 2016.

Steve Lebherz
Pro Se Defendant
800.806.3130
187 Calle Magdalena, 211
Encinitas, CA 92024